UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOYCE R. GARLAND-SASH

                Plaintiff,                                ORDER

    -against-

                                                       04 CV 0301 (NGG)(LB)

THE CITY OF NEW YORK, et al.,

                Defendants.                      **NOT FOR PUBLICATION**
---------------------------------------------------------------- X

GARAUFIS, District Judge.

      *Pro se* Plaintiff Joyce R. Garland-Sash's September 13, 2005 letter to the court is deemed a motion for reconsideration, pursuant to Fed. R. Civ. P.59(e) and Local Rule 6.3, of this court's Memorandum and Order (M&O) dated September 1, 2005. In my September 1, 2005 M&O, I granted the defendants City of New York's ("City") and County of Westchester's ("County") motions to dismiss her claims against the City, County, and all employees of the City and County. Garland-Sash's motion is denied for the reasons that follow.

      A motion for reconsideration may be granted only on grounds that the court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority. See Fed. R. Civ. P. 59(e); Local Rule 6.3; Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate a decision already decided." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Rather, such a motion may be granted only in "extraordinary circumstances," Pichardo v. Ashcroft, 374 F.3d 46, 54 (2d Cir. 2004), such as to "correct a clear error or prevent manifest injustice." Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983) (quotations and citations omitted).

With these governing standards in mind, it is clear that Garland-Sash's motion must be denied. Garland-Sash first contends that dismissal of claims against New York City employees was improper because "[Defendant New York City's counsel] . . . stated that they would effect all service on my behalf . . . ."[1] (Letter from Garland-Sash to the court of 9/13/05 at 1.) Garland-Sash also requests that this court reconsider its dismissal of her claims against Marquez, a Westchester County employee, because the County of Westchester did not request a dismissal of claims against Marquez as an individual. (Id.)

Garland-Sash's argument regarding service of City individuals is unavailing because I dismissed Plaintiff's claims against the City, County, and City and County employees for reasons other than defective service. This court reaffirms its conclusions in its September 1, 2005 M&O that all claims against defendants City and County and City and County employees are barred by the applicable statutes of limitations and/or fail to state a claim.

---

[1]This contention is refuted by Defendant City, which in a reply letter referred this court to an earlier memorandum in which it "stated that none of the individually named defendants had been properly served, and that the Law Department had not been authorized to respond on behalf of any of the individual defendants." (Letter from Defendant City to the court of 9/30/05 at 1). While Defendant City of New York did state in a footnote in a memorandum that it was "in the process of reaching out to the individuals to seek authorization to accept service of process on behalf of each," (Def's Mem. Supp. Mot. More Definite Statement at n.4.), in the same footnote City maintained that "[n]one of the 10 current or former City employees has been properly served." (Id.) Accordingly, I find that Plaintiff was on notice that individual City employee Defendants were not properly served, and that Plaintiff was ultimately responsible for correcting any deficiencies in her service of individual defendants. Moreover, as Plaintiff's claims against City employee Defendants were dismissed upon the merits, Plaintiff's argument regarding whether or not service was defective is irrelevant.

Because Garland-Sash has not identified any substantial issue of law or fact that was overlooked by this court in its earlier decision, the instant motion for reconsideration of this court's grant of Defendants City's and County's motions to dismiss is denied.

SO ORDERED.

Dated: October 7, 2005
       Brooklyn, N.Y.

_____/s/_____
Nicholas G. Garaufis
United States District Judge